******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BEVERLY WATKINS *v.* JOHN NICHOLAS DEMOS
(AC 38402)

Alvord, Sheldon and Mullins, Js.

*Argued February 6—officially released May 2, 2017*

(Appeal from Superior Court, judicial district of Litchfield, Danaher, J. [dissolution judgment]; J. Moore, J. [motion for contempt, motion to open judgment].)

*Beverly Watkins*, self-represented, the appellant (plaintiff).

*John N. Demos*, self-represented, the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Beverly Watkins, appeals from the postjudgment orders of the court entered after the dissolution of her marriage to the defendant, John Nicholas Demos. The plaintiff challenges the trial court's denial of her postjudgment motion for contempt and her motion to open the judgment. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the plaintiff's claims on appeal. After the dissolution complaint had been pending for two years, the court dissolved the parties' seven year marriage on February 6, 2015. The court's judgment of dissolution incorporated by reference the parties' signed and notarized separation agreement. Section 10.3 of the separation agreement states: "No later than February 15, 2015, the [defendant] shall withdraw the two Forms 1099 issued to the [plaintiff] for the year 2011. He shall provide his attorney who shall provide to [the plaintiff] with proof of said withdrawal prior to February 16, 2015." The defendant issued amended Forms 1099 for the plaintiff for the 2011 tax year, which stated that the plaintiff received zero dollars in income from the defendant or his business in 2011. The defendant further filed amended 2011 tax returns for himself and his business to reflect that the plaintiff received zero dollars in income from him or his business in 2011. The defendant subsequently provided copies of the amended Forms 1099 to the plaintiff on February 17 and February 24, 2015.

On April 21, 2015, the plaintiff filed a postjudgment motion for contempt, claiming that the defendant wilfully failed to comply with Section 10.3 of the separation agreement by not withdrawing the 2011 Forms 1099. In response, the defendant claimed that it was legally impossible to comply with Section 10.3 of the separation agreement because once a Form 1099 is filed with the Internal Revenue Service (IRS) it cannot be withdrawn; it can only be amended.

On May 7, 2015, after a hearing, the court found that "the defendant did not comply with Section 10.3 of the judgment. While the defendant argued impossibility of performance, the defendant did not submit any evidence of impossibility." The court observed, however, that the 2015 general instructions from the IRS website, of which the court took judicial notice, "advise that a return of a Form 1099 can only be voided before it is filed with the IRS, and otherwise refers filers to the area governing corrections. . . . The section pertaining to corrections instructs the filer to do generally what the defendant in this case did . . . ." Accordingly, the court found that because "the defendant seems to have at least substantially complied with" the IRS instructions for correcting the Forms 1099, his "noncompli-

ance with Section 10.3 was either not wilful or excused by a good faith misunderstanding." Accordingly, the court denied the plaintiff's motion for contempt.

Nevertheless, the court found that, as a matter of equity, a remedial order was appropriate in this circumstance. The court observed that "one reason the plaintiff negotiated for Section 10.3 was that she needed to demonstrate that she was neither an independent contractor nor an employee of the defendant or his business." Because the court concluded that the amended 2011 Forms 1099 showing zero dollars could give rise to a reasonable inference that the plaintiff was an employee of the defendant or his business in 2011, the court further ordered the defendant "to file a withdrawal of any Form 1099-Misc that he issued to the plaintiff for 2011 within thirty days of this order and to provide 'proof' of this filing." The court, in recognition of the fact that it might be legally impossible to withdraw the plaintiff's 2011 Forms 1099, also stated that if the defendant submitted documentation supporting his claim that it was legally impossible to withdraw a Form 1099, the court would consider hearing further argument and testimony from the parties on the issue of legal impossibility.

On May 27, 2015, the defendant filed with the court a notarized letter from a licensed tax attorney, which stated: "You have asked me to address how to 'withdraw' a Form 1099. I have been unable to locate any method to withdraw an information return. IRS guidance states that any incorrect information return should be corrected by the filing of an amended return. Just as in the case of filing a regular tax return, once filed, it can only be amended, not withdrawn. The concept of withdrawal of any return, to my knowledge, does not exist." On May 30, 2015, the defendant sent two letters to the IRS requesting that the plaintiff's 2011 Forms 1099 be withdrawn. On June 4, the court ordered an additional hearing on the issue of legal impossibility. On June 8, the plaintiff filed a motion to open judgment on the ground that the parties' mutual mistake concerning the defendant's ability to withdraw the plaintiff's 2011 Forms 1099 warranted reformation of the dissolution separation agreement. On June 8, the IRS received the defendant's letters. The IRS provided the defendant with a letter acknowledging receipt of his May 30 letters, but the IRS did not indicate what, if any, actions had been or would be taken in response to the defendant's letters.

On August 21, 2015, the court, after a hearing, denied the plaintiff's motion to open judgment. The court found that the defendant complied with Section 10.3 of the separation agreement by sending letters to the IRS requesting that the plaintiff's 2011 Forms 1099 be withdrawn. The court rejected the plaintiff's argument that Section 10.3 required the defendant to "provide the plaintiff with what she terms 'tax indemnification'

. . . ." Accordingly, the court found that there was no basis for finding mutual mistake. Thereafter, the court modified its remedial order with respect to the plaintiff's motion for contempt as follows: "If, at any time in the future, the defendant's failure to have filed in a timely fashion the withdrawals of the tax year 2011 1099 forms, that is, his failure to have filed these withdrawals on or before February 15, 2015, causes ascertainable and quantifiable financial damage to the plaintiff, the plaintiff may present these claims of damages to the court."

On September 9, 2015, the plaintiff filed a motion to reargue and reconsider the court's August 21 order. The court granted the plaintiff's motion to reargue. On November 18, 2015, after a hearing, the court denied the plaintiff's motion to reconsider. This appeal followed.

On appeal, the plaintiff challenges the court's findings and rulings with respect to its orders denying her motion for contempt and her motion to open judgment. Therefore, we must determine whether the findings of fact are clearly erroneous and whether the rulings reflect an abuse of discretion. *Mettler* v. *Mettler*, 165 Conn. App. 829, 835–36, 140 A.3d 370 (2016) (motion for contempt); *Terry* v. *Terry*, 102 Conn. App. 215, 222–23, 925 A.2d 375 (motion to open judgment), cert. denied, 284 Conn. 911, 931 A.2d 934 (2007). After a careful review of the record, transcripts, briefs and oral argument before this court, and having afforded the plaintiff's claims of error the appropriate scope of review, we conclude that the findings are supported by the record and that the court did not err in denying the plaintiff's motion for contempt and motion to open judgment, or in issuing its remedial order.

The judgment is affirmed.